UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN YANG,<br><br>                     Plaintiff,<br><br>- against -<br><br>DISTRACTIFY, INC.<br><br>                     Defendant. | Docket No. 17-cv-6308<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephen Yang ("Yang" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Distractify, Inc. ("Distractify" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Dan Rochkind owned and registered by Yang, a New York based professional photographer. Accordingly, Yang seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Yang is a professional photographer in the business of licensing his photographs to online and print outlets for a fee having a usual place of business at 270 Empire Blvd, #1K, Brooklyn, New York 11225.

6. Upon information and belief, Distractify is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 270 Lafayette Street, Suite 200, New York, New York 10012. At all times material hereto, Distractify has owned and operated a website at the URL: www.Distractify.com (the "Website")

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Yang photographed Dan Rochkind (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Yang is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-055-141.

**B.  Defendant's Infringing Activities**

10. On May 9, 2017, Distractify ran an article on the Website entitled *Man Explains Why He Won't Date Hot Women Anymore, Gets Roasted on Twitter*. See http://www.distractify.com/trending/2017/04/13/1h9Ofo/no-hot-women-dude. The article

prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11. The article was written by a staff writer.

12. The Photograph appears on Distractify's computer servers.

13. Distractify did not license the Photograph from Plaintiff for its article, nor did Distractify have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SMITH)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Distractify infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Distractify is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Distractify have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

22. When the Photograph was first published in an article in the New York Post, the article contained a gutter credit which stated Stephen Yang which is considered copyright management information protected under 17 U.S.C. § 1202(b). See Exhibit C.

23. Distractify copied the Photograph from the New York Post and pasted the Photograph onto the Website and did not bring along the gutter credit to the Website.

24. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Distractify violates 17 U.S.C. § 1202(b).

26. Distractify's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the removal of said copyright management information was made by Distractify intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Distractify also knew, or should have known, that such removal of said copyright management

information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

28. As a result of the wrongful conduct of Distractify as alleged herein, Plaintiff is entitled to recover from Distractify the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Distractify because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Distractify statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Distractify be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Distractify be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, in regard to the first claim Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 20, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stephen Yang*